UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES WEDERGREN | § | |
|     Plaintiff, | § | |
| | § | Civil Action No. _____ |
| vs. | § | |
| | § | |
| THE TRAVELERS INDEMNITY COMPANY | § | |
|     Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff James Wedergren ("Plaintiff") and complains of Defendant The Travelers Indemnity Company ("Defendant") and for his causes of action would show the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, back pay, front pay, actual, compensatory, liquidated, and punitive damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for violations of the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, et seq. and violations of the Family and Medical Leave Act ("FMLA"), as amended, 29 U.S.C § 2601, et seq. suffered by Plaintiff in the course of his employment with Defendant.

## II.
## PARTIES

2. Plaintiff, James Wedergren is an individual who resides in Galveston County, Texas.

3.      Defendant, The Travelers Indemnity Company is a for-profit corporation licensed to do and doing business in the state of Texas. It may be served with process via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### III.
### JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

5.      This court has personal jurisdiction over Defendant because it conducts business within the Southern District of Texas.

6.      Venue of this proceeding is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) since Defendant is a resident of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

7.      Jurisdiction is proper pursuant to the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, et seq.

8.      Jurisdiction is proper pursuant to the Family and Medical Leave Act ("FMLA"), as amended, 29 U.S.C § 2601, et seq.

### IV.
### CONDITIONS PRECEDENT

9.      Plaintiff filed a charge of discrimination against Defendant under Charge Number 460-2015-02117 with the Equal Employment Opportunity Commission ("EEOC") on April 1, 2015

10. On October 9, 2015, the EEOC issued a Notice of Right to Sue entitling Plaintiff to file an action under the ADA. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue.

11. All conditions precedent have been performed, have occurred, or have otherwise been satisfied as required by applicable law.

## V.
## FACTS

12. Plaintiff is a 55 year old male who worked as an Outside Property Claim Representative for Defendant. He was a conscientious and reliable employee who performed his duties in a professional manner.

13. Plaintiff began working for Defendant on about December 5, 2005 until he was terminated by Defendant on or about September 1, 2015.

14. Plaintiff has a disability as defined by law; trauma to the joint that has weakened the tendons and ligaments, which destabilizes the joint. Specifically, Plaintiff suffers from Post-Traumatic Arthritis ("PTA") in his knee.

15. Plaintiff was injured on the job, while working with Defendant, on or about March 18, 2010. This injury required multiple surgeries, physical therapy, and regular Orthovisc injections.

16. Plaintiff was officially diagnosed with PTA in his knee, due to this injury, on or about April 28, 2014, and was put on permanent physical restrictions by his physician requiring no climbing on roofs, and no driving more than 30 minutes at a time without a break.

17. Defendant accommodated Plaintiff's disability for a period of 6 weeks, from May 27, 2014 until July 11, 2014, wherein he was allowed to work from his home office in a

supporting role for several branches of the company, and he handled outside property claims in a reduced territory to accommodate the driving restrictions.

18.     Plaintiff inquired into permanent accommodations of this nature and into other positions that would satisfy his physical restrictions.

19.     In fact, several other Outside Property Claim Representatives were not required to climb on roofs.

20.     Defendant has a ladder assist program that would climb on and survey roofs for damage for a nominal charge.  Additionally, Defendant would often engage roofers to perform this service.  As such, climbing on roofs was not an essential duty of Plaintiff's job.

21.     On or about May 27, 2014, Senior Consultant - Accommodations, Kathleen McDonough ("Ms. McDonough"), contacted Plaintiff via telephone to inform him that she would look into whether they could accommodate his restrictions.

22.     On or about July 2, 2014, Ms. McDonough informed Plaintiff that Defendant could no longer accommodate his restrictions and mandated that he begin FMLA Leave.  She directed him to apply for 9 open positions with the company; however, Plaintiff was unqualified for each of these positions.  There was never an interactive process; this decision was made solely by Defendant.

23.     Plaintiff was and still is able to perform the essential duties of the position of Outside Property Claim Representative with or without reasonable accommodations.

24.     As a result of medical symptoms and physical restrictions related to PTA, Plaintiff went on approved FMLA leave from on or about July 14, 2014 until on or about October 17, 2014

25. Plaintiff continued to inquire about accommodations throughout his FMLA leave, and was directed to go on disability by Michelle Rodney on October 20, 2014.

26. Plaintiff went on approved long-term disability on or about October 20, 2014 until his termination on or about September 1, 2015.

27. Defendant discriminated against Plaintiff on the basis of his disability by terminating him and/or failing to provide reasonable accommodations. In the alternative, Defendant wrongfully discharged Plaintiff for taking FMLA Leave.

28. Upon information and belief, similar situated employees were treated differently than Plaintiff.

29. Plaintiff has suffered damages as a result of Defendant's discriminatory conduct.

## VI.
## CAUSES OF ACTION

**A. Americans with Disability Act ("ADA") – Disability Discrimination, Retaliation and Failure to Accommodate**

30. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

31. Defendant violated the Americans with Disabilities Act by discharging Plaintiff. 42 U.S.C. § 12101 et seq.

32. Under 42 U.S.C. § 12112, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards that individual as a person with a disability.

33. Defendant is an employer under the ADA.

34. Plaintiff belongs to a group of persons that the ADA intends to protect against discrimination in terms, conditions and/or privileges of employment.

35. By the above-described acts, Defendant discriminated against Plaintiff because of his disability with malice or reckless indifference and has retaliated against Plaintiff for requesting accommodations. Plaintiff was treated differently than others outside his protected class, and he suffered discrimination because of his disability in violation of the ADA.

36. Plaintiff is an individual with a disability as defined by the ADA who has the requisite skill, experience, education and other job related requirements necessary to perform, with or without accommodation, the essential functions of his job at the time of termination.

37. Plaintiff was disabled or viewed as disabled by Defendant.

38. At the time of his employment with Defendant, Plaintiff was a "qualified individual with a disability" within the ADA. Plaintiff was a qualified individual with a disability, was a qualified individual with a record of disability, and/or was regarded by the Defendant as a person with a disability.

39. As an individual with Post-Traumatic Arthritis to the knee, Plaintiff had a disability - a physically impairing condition which substantially limits a major life activity: trauma to the joint that has weakened the tendons and ligaments, which may destabilize the joint - within the meaning of the ADA.

40. Plaintiff was terminated as a direct result of his disability, his record of having a disability, and/or because Defendant regarded him as a person with a disability.

41. Defendant violated the ADA by intentionally discriminating against Plaintiff because of his disability and/or perceived disability by terminating Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability caused Defendant to terminate him.

42. The ADA requires that employers and employees take part in an "interactive process" to analyze "the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3).

43. The interactive process is crucial because the ADA requires that the employer and the employee must work together in good faith to help each other determine what accommodations are necessary. *Cannice v. Norwest Bank Iowa*, 189 F.3rd 723, 727 (8th Cir. 1999).

44. The EEOC has outlined four steps in this interactive process, which include:

   a. Analyze the particular job involved and determine its purpose and essential functions;

   b. Consult with the individual to ascertain the precise limitation imposed by the disability;

   c. Identify potential accommodations and assess the effectiveness each would have in enabling the individual to perform the essential functions of the position; and

   d. Consider the preference of the disabled individual while selecting the accommodation that is most appropriate for both the employee and employer. 29 C.F.R. § 1630.

45. When a disabled employee can show that an employer fails to engage in the interactive process in good faith and can show that the employer failed to provide a reasonable accommodation, then the employer can be liable for consequential damages, including punitive damages. 42 U.S.C. § 2000e-k(A).

46. In this case the evidence is clear that Plaintiff is an individual with a disability. He required reasonable accommodations at his job.

47. It is also clear that Plaintiff adequately informed his employer of his disability and of his need for reasonable accommodations.

48. However, Defendant denied Plaintiff's request and also failed to engage in the interactive process in good faith with Plaintiff in violation of the ADA.

49. Based on Defendant's conduct, it is liable to Plaintiff under the ADA for discriminating against him based on him disability and/or perceived disability.

50. Based on Defendant's conduct, it is also liable to Plaintiff under the ADA for retaliation against him based on his disability and/or perceived disability.

51. Based on Defendant's conduct, it is also liable to Plaintiff under the ADA for failing to provide a reasonable workplace accommodation.

52. Defendant's actions demonstrate that it regarded Plaintiff as having an impairment. Subsequent to Plaintiff's complaints of being treated differently, he began to suffer from retaliation and adverse employment action, including termination as a result of Defendant's retaliatory behavior.

53. Such discrimination and retaliation has caused Plaintiff to suffer damages of severe emotional distress and lost wages, both in the past and future, lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of Defendant's discrimination and retaliation. Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and reported discriminatory behavior and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

54. Plaintiff has been denied opportunities to which he was entitled and such benefits and privileges that he would have received if he had not been intentionally discriminated and retaliated against by Defendant. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendant's discriminatory and retaliatory practices.

## B. Family and Medical Leave Act ("FMLA") – Discrimination, Retaliation, and Interference

55. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

56. Pursuant to the FMLA, 29 U.S.C. § 2612 (a)(1)(D), Plaintiff was entitled to a leave of absence within the provisions of 29 U.S.C. § 2613 for a total of twelve (12) work weeks during any twelve month period because of a serious health condition that makes the employee unable to perform the function of the position of such employee.

57. Plaintiff's right to return to his employment following an FMLA leave is secured by 29 U.S.C. § 2614(a)(1)(A) [to the same position]; or (B) [to an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment].

58. Section 2614(a)(2) of the FMLA further provides that an employee taking a leave of absence under this statute shall not result in the loss of any "employment benefit accrued prior to the date on which the leave commences."

59. The FMLA creates rights under 29 U.S.C. § 2615(a)(1), that make it unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise any right provided under that title. Pursuant to § 2615 (a)(2) it is also unlawful for an employer to retaliate or discriminate against any employee who has taken FMLA leave.

60. Defendant wrongfully discharged Plaintiff in violation of the FMLA.

61. Defendant's FMLA violations were intentional and malicious, and executed without any reasonable good faith belief that its actions were lawful, thus entitling Plaintiff to liquidated damages.

62. As a direct and proximate cause of Defendant's violations of the FMLA, Plaintiff has sustained injuries and damages, including but not limited to loss of earnings and benefits; loss of career and work opportunity; and emotional distress.

## VII.
## ATTORNEY'S FEES

63. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

64. Plaintiff is entitled to recover attorney's fees (including expert fees) and costs for bringing this action pursuant to the ADA.

65. Plaintiff is entitled to recover attorney's fees (including expert fees) and costs for bringing this action pursuant to the FMLA.

## VIII.
## JURY DEMAND

66. Plaintiff respectfully requests that this matter be tried before a jury.

## IX.
## PRAYER

WHEREFORE, Plaintiff James Wedergren prays that Defendant The Travelers Indemnity Company be cited to appear and answer and that after final trial hereof, this Court grant judgment in favor of Plaintiff James Wedergren and against Defendant as follows:

    a. Lost wages and benefits in the past and future (back pay and front pay);

    b. Reinstatement;

    c.    Compensatory damages;

    d.    Punitive and/or exemplary damages;

    e.    Liquidated damages;

    f.    Costs of suit;

    g.    Pre-judgment and post-judgment interest, as allowed by law;

    h.    Reasonable attorney's fees (including expert fees); and

    i.    Any and all other relief that the Court deems appropriate and/or to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ Lionel Martin
Lionel Martin
Texas State Bar No. 24037032
Federal I.D. No. 31342
Lmartin@mgmartinlaw.com

12946 S. Dairy Ashford Road
Suite 220
Sugar Land, Texas 77478
Tel: (281) 277-3066
Fax: (281) 277-3067

***Attorney-In-Charge for Plaintiff***

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal I.D. No. 38613
Texas State Bar No. 24039035
mmartin@mgmartinlaw.com

12946 S. Dairy Ashford Road
Suite 220
Sugar Land, Texas 77478
Tel:  (281) 277-3066
Fax: (281) 277-3067